UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JEFFREY SHAW, #297214,**

    **Petitioner,**

                                                   Civil No: 99-CV-75322-DT
                                                   Honorable Arthur J. Tarnow

**v.**

**HAROLD WHITE,**

    **Respondent.**

---

**OPINION & ORDER RE: RECONSIDERATION, FILE NUMBER, REPLACEMENT COPIES, EXTENSION, DISCOVERY AND RULE 5's**

**I. Introduction**

    This is habeas corpus matter filed *pro se* pursuant to 28 U.S.C. §2254. Petitioner has filed several motions, each of which will be addressed following a summation of the procedural history of this case.

**II. Procedural History**

- **8/23/99** Petitioner was convicted of three counts of assault with intent to commit bodily harm less than murder and three counts of felony firearm.

- **12/8/99** Petitioner filed a habeas petition under case number 99-CV-75322-DT while his direct appeal was pending before the Michigan Court of Appeals.

- **6/30/00** This Court dismissed Petitioner's habeas petition without prejudice.

- **6/15/01** Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Shaw*, 2001 WL 684560 , Mich. Ct. App. No. 232240 (per curiam) (June 15, 2001).

- **2/4/02** Michigan Supreme Court denied Petitioner's delayed application for leave to

appeal. *People v. Shaw,* 465 Mich. 953; 639 N.W.2d 813 (Table) Mich. Sup. Ct. No. 119816 (February 4, 2002).

● **4/2/02** Petitioner filed another habeas petition with this Court, challenging the same convictions, under case number 02-CV-70870, and raised the sole issue of whether his conviction was obtained by the knowing use of false evidence.

● **3/20/03** This Court dismissed Petitioner's habeas corpus petition for failing to exhaust his state court remedies, as Petitioner had only raised this issue with Michigan Supreme Court and not with the Michigan Court of Appeals. Within the Court's March 20, 2003 order, it stated that "Petitioner may move to reopen his federal habeas corpus petition under its present case number within SIXTY DAYS of exhausting his state court remedies." *Id*

● **5/19/03** Petitioner's motion for relief from judgment filed with the trial court was denied.

● **6/18/03** Petitioner's motion for reconsideration was denied by the trial court.

● **6/16/04** Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, Case No: 256155

● **12/16/04** Petitioner's application for leave to appeal was denied. *People v. Shaw,* Mich. Ct. App. No. 256155 (Dec. 16. 2004)

● **1/5/05** Petitioner filed an application for leave to appeal with the Michigan Supreme Court, Case No: 127791.

● **10/31/05** Petitioner's application for leave to appeal was denied. *People v. Shaw,* 474 Mich. 895; 705 N.W.2d 130 (Table) Mich. Sup. Ct. No. 127791(Oct. 31, 2005)

●**12/21/05** Petitioner filed a timely motion to reopen the habeas proceedings in his case.

●**9/20/06** This Court denied Petitioner's motion to reopen without prejudice due to the non-clarity of the motion and the uncertainty regarding whether Petitioner exhausted his state court remedies. The Court ordered Petitioner to produce certain pleadings and to clarify his position regarding the reopening of his habeas case.

● **10/27/06** Petitioner filed a motion to extend the time in which he needed to comply with the Court's order.

● **10/27/06** Petitioner filed a motion for the production of a replacement copy of his brief on appeal with the Michigan Court of Appeals, as he had been unable to retrieve a copy for the Court's review.

●**10/27/06** Petitioner filed a motion for reconsideration of this Court's order denying his previous motion to reopen these habeas proceedings.

●**10/27/06** Petitioner filed a motion to correct the case file number so that the proper case could be reopened.

● **10/27/06** Petitioner filed a motion for act of investigation.

●**11/20/06** Various documents were filed with the Court in an effort to comply with this Court's September 20, 2006 order.

**III. Discussion**

    **A. Motion for Reconsideration**

U.S. Dist. Ct. Rules, E.D. Mich. 7.1(h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must

result from a correction thereof. *Hence v. Smith,* 49 F.Supp.2d 547, 550-51 (E.D. Mich. 1999). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication" shall be denied. *Id.* The Court will grant Petitioner's reconsideration motion.

When the Court reviewed Petitioner's initial motion to reopen his habeas proceedings, Petitioner failed to supply for the Court's review any evidence that he exhausted his state court remedies. Moreover, since Petitioner had filed two habeas petitions as referenced above, it was unclear which habeas proceeding he was seeking to reopen. Accordingly, the Court was misled about the exhaustion status of this matter which resulted in a palpable defect in its decision to deny Petitioner's motion to reopen its habeas case. Production of the requested documents, as set forth in the above stated time line, within the time parameters ordered by this Court demonstrates that a different disposition of Petitioner's motion to reopen must result. Therefore, Petitioner's motion for reconsideration is granted; and the Court will reopen Petitioner's habeas case[1].

---

[1]Petitioner failed to produce his brief on appeal with the Michigan Court of Appeals, case number 256155. The documentation that he produced for the Court's review indicates that he has been diligent in attempting to retrieve the document. Petitioner has produced proof that he filed an application for leave to appeal with the Michigan Court of Appeals and that a decision denying relief was rendered. However, the Court is not in a position to verify that he in fact raised the issues presently before the Court in the Michigan Court of Appeals. Petitioner has supplied documentation that he raised the same issues in his Motion for Relief from Judgment in the trial court and in his application for leave to appeal before the Michigan Supreme Court. The Court is confident that these issues were exhausted in the Michigan Court of Appeals based upon the documentation that has been provided for the Court's review, the timeliness of Petitioner's actions in this matter, and Petitioner's diligence throughout the litigation of this matter. If upon review of the Rule 5 materials in this matter the Court discovers that these issues have not been exhausted, this case will be subject to dismissal.

### B. Motion to Correct File Number

Petitioner has clarified that he is seeking to reopen case number 02-CV-70870 (Shaw v. Renico) and not 99-CV-75322 (Shaw v. White). Since the Court's option to reopen this case was stated in its order entered in case number 02-CV-70870 and the Rule 5 Materials were ordered and are in the Court's possession under case number 02-CV-70870, it is logical for this matter to proceed under the same number.[2] Therefore, all pleadings related to this matter are now to be filed under case number 02-CV-70870.

### C. Motion for Production of Replacement Copy of Pleading

Petitioner requests that the Court obtain the brief on appeal that was filed after his motion for relief from judgment with the Michigan Court of Appeals, case number 256155, at its own expense, because of the difficulty he is having obtaining a copy for the Court's review. As a matter of course Respondent will be ordered to file Rule 5 materials with the Court, which includes relevant transcripts, relevant appellate briefs submitted by Petitioner and the prosecution and state appellate opinions and orders. Therefore, the Court will obtain a copy of the brief at issue.

### D. Motion for Act of Investigation

Petitioner is seeking discovery material relative to the substance of his habeas case (i.e., forensic examination documents, tape recordings of 911 calls, radio run tape, central dispatch master tape, phone records, etc.). "A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Rather, a

---

[2] The Rule 5 materials in the Court's possession do not include any collateral post-judgment proceedings, aside from the documents produced for purposes of resolving Petitioner's motion to reopen, and must be ordered.

5

petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254. In order to establish "good cause" for discovery, Petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief. See *Bracy v. Gramley,* 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. See *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001).

Petitioner states that "[i]nquiry into any of [this discovery] . . . will provide clear and convincing proof supporting the charge of criminal conspiracy committed by state actors." (Motion for Act of Investigation, pg. 2). The Court will deny Petitioner's discovery request and its finding is three-fold. First, the Court does not find that Petitioner has provided a sufficient basis upon which to order production of the discovery requested. A conclusory assertion does not necessarily constitute "good cause." Second, Respondent has not yet filed a responsive pleading on the merits. "[U]ntil [respondent] files an answer to the [ ] [habeas] petition[], it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy,* 463 F.Supp.2d 1085, 1114-15 (E.D. Cal. 2006). Finally, all of the Rule 5 materials have not been received by the Court; and receipt of those materials may obviate the need to order discovery. Therefore, granting Petitioner's discovery request at this point would be premature. Therefore, Petitioner's discovery motion is denied.

### E. Motion for Enlargement of Time

Petitioner seeks additional time in which to retrieve the above referenced brief on appeal filed with the Michigan Court of Appeals on June 16, 2004. For the reasons set forth above, this motion is moot.

## IV. Conclusion

Accordingly,

IT IS ORDERED that Petitioner's "Motion for Enlargement of Time" [Doc.# 20, filed October 27, 2006] is DENIED as MOOT.

IT IS FURTHER ORDERED that Petitioner's "Motion for Production of Replacement Copy of Pleading" [Doc.# 21, filed October 27, 2006] is DENIED as MOOT.

IT IS FURTHER ORDERED that Petitioner's "Motion for Reconsideration"[Doc.# 22, filed October 27, 2006] is GRANTED; and Petitioner shall file an amended petition for writ of habeas corpus within **forty five (45) days** of Petitioner's receipt of this order.

IT IS FURTHER ORDERED that Petitioner's "Motion to Correct File Number on Habeas Corpus Petition" [Doc.# 23, filed October 27, 2006] is GRANTED. The Clerk of the Court is ordered to transfer docket entry numbers 18 through 25 from Case Number 99-CV-75322 to Case Number 02-CV-70870 (Shaw v. Renico). Petitioner is ordered to place Case Number 02-CV-70870 on any and all pleadings or correspondence filed with the Court.

IT IS FURTHER ORDERED that Petitioner's "Motion for Act of Investigation" [Doc.# 24, filed October 27, 2006] is DENIED.

*Shaw v. White, 99-CV-75322*

IT IS FURTHER ORDERED that Respondent file with the Clerk of the Court a copy of the relevant transcripts, the relevant appellate briefs submitted by Petitioner and the prosecution, and the state appellate opinions and orders, dated after September 30, 1999, as required by Rule 5. A separate index listing the materials being submitted shall also be filed.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: September 21, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2007, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary